IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GLORIA KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-1021-CV-W-MDH-SSA |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff Gloria Kelly's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of her application for disability insurance benefits under the Social Security Act (the "Act"). Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence in the record as a whole and the decision is **AFFIRMED.**

## BACKGROUND

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434 (Tr. 180-81). Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration ("SSA"). Plaintiff's claim was denied initially (Tr. 70-81). On December 5, 2018, following a hearing, an administrative law judge ("ALJ") found that Plaintiff was not under a "disability" as defined in the Act (Tr. 7-28).

The ALJ found that Plaintiff had severe impairments that included right shoulder

impingement, obesity, cervicalgia, cervical spinal stenosis, headaches, carpal tunnel syndrome, depression, and anxiety (Tr. 13). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 13-15). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. 404.1567(b),[2] with the following additional limitations:

> frequently climb stairs and ramps; frequently balance, stoop, kneel, and crouch; never crawl or climb ladders, ropes, or scaffolds; avoid concentrated exposure to extreme cold and vibration; occasionally reach overhead bilaterally; frequently reach in other directions; frequently grasp and handle bilaterally; understand, remember and carry out simple instructions; and make simple work-related decisions

(Tr. 16). The ALJ found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work as a bottling line attendant, ticket taker, and assembler-production work (Tr. 21-22). Consequently, the ALJ found that Plaintiff was not disabled (Tr. 22).

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728,

730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

Plaintiff argues that the RFC was not supported by substantial evidence. Second, Plaintiff argues that the ALJ erred in discrediting the subjective opinions of Petitioner.

I.  **The ALJ did not err in discrediting Plaintiff's subjective complaints.**

Plaintiff argues that the ALJ's decision should be reversed because the analysis of Plaintiff's subjective reports was unsupported by substantial evidence in the record. The ALJ found that Plaintiff's subjective reports were "not entirely consistent with the medical history, the reports of the treating and examining practitioners, the findings made on examination, the claimant's own description of her activities and life style, discrepancies between the claimant's

assertions and information contained in the documented reports, and the claimant's demeanor at the hearing. (Tr. At 16). The decision in discrediting a claimant's subjective complaints "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated." *See Martsolf v. Colvin*, 2017 WL 77424, at *5 (W.D. Mo. Jan. 9, 2017).

A review of the ALJ's decision shows that she thoroughly considered all of the evidence on record and gave good reasons for finding that Plaintiff's subjective complaints were inconsistent with her allegations of disabling physical and mental limitations. (Tr. At 13-20). As to pain, the ALJ properly considered the type of treatment that Plaintiff received and evidence showing that Plaintiff's impairments were managed with medication. Impairments that can be controlled by treatment or medication cannot be considered disabling. *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016). The ALJ also considered Plaintiff's allegations of disabling arm and hand weakness. (Tr. at 17-18). The ALJ noted the record contained some objective findings such as tenderness to palpation, and some decreased forearm and grip strength in May and June 2016 (Tr. at 17, 581, 728-29), but also showed full strength on examination in August 2016 (Tr. at 714). Sensation was intact, and she reported no radicular pain (Tr. at 714, 744). The ALJ further noted that Plaintiff reported activities inconsistent with these allegations, such as horseback riding, volunteering at a therapeutic horse center, driving, sewing, and crafting (Tr. at 17-18, 46, 57-59, 311, 781, 788, 847). "While an ALJ is not free to disregard subjective complaints merely because there is no other evidence in support of the complaints, he may choose to disbelieve those subjective reports because there are inherent inconsistencies or other circumstances that cause the ALJ to question the reliability of the subjective reports." *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 517–18 (8th Cir. 2019).

The ALJ also noted inconsistencies in the record concerning Plaintiff's allegations of disabling mental impairments as well. (Tr. at 18). While Plaintiff alleged she was unable to work due to depression and anxiety, the record shows a gap in treatment between 2010, about six years prior to her alleged disability onset date, and September 27, 2016 (Tr. at 18, 373, 918). There is no indication that Plaintiff sought treatment specifically for, nor complained about mental health symptoms, during the relevant period. (Tr. at 923). *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) (An ALJ weighs credibility by considering multiple factors and may discredit complaints if they are inconsistent with the evidence as a whole or if the claimant does not seek regular medical treatment.). The ALJ concluded that objective findings additionally did not support Plaintiff's allegations of disabling mental impairment during the relevant period. For one example, a follow up visit after Plaintiff attended emergency room in November 2016, Dr. Gabbert noted that Plaintiff was alert and oriented, her cognitive functioning was intact, her mood was "not depressed," and her affect was "normal". (Tr. at 917).

The ALJ also found Plaintiff's activities to be inconsistent with her allegations of disabling pain and limitations, both mental and physical (Tr. at 18). The ALJ noted that Plaintiff had a driver's license and drove a few times a week (Tr. at 17, 46, 59). She testified that she gets lost while driving, but the only example she gave was a time when she drove to visit her daughter in Wisconsin (Tr. at 17, 59). Plaintiff did not report any physical issues with making that drive. The ALJ noted that Plaintiff lived alone in the country and had three horses and two cats (Tr. at 17, 58). While Plaintiff testified that she no longer rode her horses, the ALJ found this to be inconsistent with other evidence in the record (Tr. at 17-18). The ALJ noted that in May 2017, Plaintiff reported she was doing "fine" with her shoulder pain but was about to go on a large horse riding trip and wanted to feel better for that (Tr. at 18, 847). After the relevant period ended, the

ALJ noted that Plaintiff also volunteered at a therapeutic horse center as a coping skill for her depression and reported positive results after doing so (Tr. at 18, 781). The ALJ noted that Plaintiff also reported doing some remodeling on her home and spending time with others outside the home (Tr. at 18, 788). She also enjoyed sewing, as well as crafting, making rip fabric rugs and soap (Tr. at 18, 57, 311, 781, 788). Plaintiff argues that the ALJ erred in the consideration of her activities. Pl.'s Br. at 11. Although activities such as light housework and visiting with friends are not alone sufficient to discredit subjective complaints, the extent of Plaintiff's physical activities when considered in conjunction with the medical record in this case, supports the ALJ's decision. *See Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015).

In conclusion, the ALJ properly considered inconsistencies between Plaintiff's complaints, personal history, and the medical record; the ALJ also gave good reasons for discrediting Plaintiff's subjective complaints. *See Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017). The Court finds that substantial evidence supports the ALJ's consistency assessment.

II.     **The RFC is supported by substantial evidence.**

Plaintiff argues that the ALJ erred by failing to support the physical RFC with substantial evidence. "The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (quotation omitted). Although the RFC is a medical question and must be supported by some medical evidence regarding a claimant's ability to function in the workplace, there is no requirement that an RFC finding be supported by a specific medical opinion. See *Stringer v. Berryhill*, 700 F. App'x 566, 567-68 (8th Cir. 2017) (RFC is medical question and must be

supported by some medical evidence of claimant's ability to function in workplace, but there is no requirement that RFC findings be supported by specific medical opinion) (citation omitted).

Here, the ALJ relied on several factors. The ALJ considered that while Plaintiff had an exacerbation of her longstanding neck and shoulder impairments, as well as headaches, around the time of her alleged onset date, these impairments responded well to treatment (Tr. at 17-18, 714, 744). She sought little to no mental health treatment during the relevant period, and objective findings during this time were minimal (Tr. at 18, 557, 729, 917, 922-23). ALJ summarized in detail the medical and nonmedical evidence and gave proper reasons for determining Plaintiff's subjective complaints were not fully consistent with the evidence of record. Here, the ALJ considered [plaintiff's] alleged limitations, and substantial evidence supports the ALJ's RFC assessment." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090-91 (8th Cir. 2018) (citations omitted).

The ALJ conducted a careful review of the record in creating the RFC and properly included those limitations she found to be supportive by the record in the RFC, and it is supported by substantial evidence.

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence in the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits to Gloria Kelly is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: February 24, 2021            */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**

**United States District Judge**